PD-0574-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/13/2015 9:36:47 AM
Accepted 5/15/2015 10:32:30 AM
ABEL ACOSTA
CLERK

CASE NO. _____

# IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS

## GEORGE RILEY WILLIAMS, JR.

## V.

## STATE OF TEXAS

Appeal from the 10th Court of Appeals
Case No. 10-15-00028-CR

## PETITION FOR DISCRETIONARY REVIEW

**LANE D. THIBODEAUX**
State Bar No. 19834000
Law Office of Lane D. Thibodeaux
P.O. Box 523
308 North Washington
Bryan, Texas 77806
Telephone: (979)775-5700
Facsimile: (979)822-1979
Email: lanet1@msn.com
Attorney for Petitioner

FILED IN
COURT OF CRIMINAL APPEALS

May 15, 2015

ABEL ACOSTA, CLERK

## ORAL ARGUMENT REQUESTED

# IDENTITY OF JUDGE, PARTIES AND COUNSEL

The following is a complete list of all names and addresses of all parties to the Appeal Court's final judgment and the names and addresses of all trial counsel:

Petitioner:

**George Riley Williams, Jr.**
TDCJ #01974216
Wynne Unit
810 FM 2821
Huntsville, Texas  77349


Appellate Counsel:

**Lane D. Thibodeaux**
State Bar No. 19834000
Law Office of Lane D. Thibodeaux
P.O. Box 523
Bryan, Texas  77806
Telephone:  (979)775-5700
Facsimile:  (979)822-1979
Email:  lanet1@msn.com


Trial Counsel:

**David S. Barron**
State Bar No. 01817350
118 North Washington
Bryan, Texas 77803
Telephone:  (979)777-4908
Facsimile:  (979)779-6452
Email: davidbarron1956@yahoo.com

Respondent:               **State of Texas**

Appellate Counsel:    **Jarvis J. Parsons**
Brazos County District Attorney
**Jessica Escue**
State Bar No. 24059726
Assistant Brazos County District Attorney
Brazos County Courthouse
300 East 26th Street, Suite 310
Bryan, Texas 77803
Telephone: (979)361-4320
Facsimile: (979)361-4368
Email: jescue@brazoscountytx.gov

Trial Judge:            **The Honorable Travis Bryan, III**
272nd District Court
300 East 26th Street, Suite 204
Bryan, Texas 77803
Telephone: (979)361-4220
Facsimile: (979)361-4517
Email: tbryan@brazoscountytx.gov

# TABLE OF CONTENTS

Identity of Parties and Counsel ...............................................................ii-iii

Index of Authorities...............................................................................v

Statement Regarding Oral Argument........................................................vi

Statement of the Case ...........................................................................vii

Statement of Procedural History ........................................................viii-ix

Grounds for Review ...............................................................................x

Argument.............................................................................................1-7

      **Ground for Review Number One:**................................................1-7
      WHETHER WAIVER OF RIGHT TO APPEAL, EXECUTED AT THE
      PUNISHMENT STAGE OF TRIAL AS PART OF A PLEA BARGAIN
      AGREEMENT, WAIVES APPEAL OF LATER MATTERS RAISED
      AND RULED ON AT THE MOTION FOR NEW TRIAL STAGE

Prayer for Relief ...................................................................................7

Certificate of Compliance ......................................................................8

Certificate of Service.............................................................................8

Appendix
      Tenth Court of Appeals Opinion

# INDEX OF AUTHORITIES

Cases

***Ex parte Broadway***,
301 S.W.3d 694 (Tex.Crim.App. 2009)......................................................3

***Lundgren v. State***,
434 S.W.3d 594 (Tex.Crim.App. 2014)..........................................v, 1, 2, 3

***Ex parte Reedy***,
282 S.W.3d 492 (Tex.Crim.App. 2009)................................................3, 4, 5

***Trevino v. Thaler***,
133 S.Ct. 1191 (2013) ..................................................................................6

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner requests oral argument. This case presents a question of first impression involving state and federal dimensioned rights related to due process, open courts and equal protection related to appeals from matters raised at the Motion for New Trial stage of proceedings in trial courts.

## STATEMENT OF THE CASE

The legal issue presented is one of first impression resulting from this court's decisions in *Lundgren v. State*[1] and *Ex parte Reedy*[2]. Specifically, whether the waiver of appeal approved as part of a plea bargain agreement at the punishment stage of trial, will waive appeal of matters later raised and ruled upon in timely filed Motion for New Trial.

---

[1] *Lundgren v. State*, 434 S.W.3d 594 (Tex.Crim.App. 2014).

[2] *Ex parte Reedy*, 282 S.W.3d 492 (Tex.Crim.App. 2009).

## STATEMENT OF PROCEDURAL HISTORY

Petitioner was indicted on February 20, 2014 for Evading Arrest – Vehicle with two enhancement paragraphs alleging prior prison trips. Petitioner's potential punishment range was, therefore, 25 years to life and a fine not to exceed $10,000.[3]

Jury trial began on November 11, 2014 with the jury returning a verdict of guilty on November 13, 2014.[4] Before the start of the punishment phase of trial, Petitioner agreed to plead true to the enhancement paragraphs and waive appeal in exchange for a recommended sentence of 30 years incarceration in the Texas Department of Criminal Justice – Institutional Division.[5] The plea agreement did not waive rights related to the filing of a Motion for New Trial.[6] The Trial Court's Certification of Right to Appeal signed the same day reflects a plea-bargain for which there was no right of appeal.[7]

Following request[8], Petitioner was appointed new appellate counsel.[9] A Motion for New Trial was filed on December 12, 2014.[10] The Trial Court

---

[3] CR 6.

[4] CR 29-34.

[5] CR 36.

[6] Id.

[7] CR 28.

[8] CR 37-42.

[9] CR 47-49.

thereafter convened an evidentiary hearing on January 22, 2015.[11] At the conclusion of the hearing, the Trial Court denied both the Motion for New Trial and a specific request by Appellate Counsel to modify the Trial Court's Certification of Right to Appeal to reflect Petitioner's right to appeal matters raised and ruled upon in the Motion for New Trial stage of proceedings.[12]

Petitioner filed a Notice of Appeal on January 30, 2015.[13] The Tenth Court of Appeals dismissed the appeal on March 19, 2015 based on the waiver of appeal. Petitioner filed a Motion for Rehearing on March 24, 2015, which was denied April 22, 2015. This Petition ensues.

---

[10] CR 50-118.

[11] Volume 6, RR.

[12] CR 134; 6 RR 72.

[13] CR 167-68.

# GROUNDS FOR REVIEW

## Ground for Review Number One:

**WHETHER WAIVER OF RIGHT TO APPEAL, EXECUTED AT THE PUNISHMENT STAGE OF TRIAL AS PART OF A PLEA BARGAIN AGREEMENT, WAIVES APPEAL OF LATER MATTERS RAISED AND RULED ON AT THE MOTION FOR NEW TRIAL STAGE**
(CR 50-118 [Motion for New Trial])

CASE NO. _____

## TO THE COURT OF CRIMINAL APPEALS OF
## THE STATE OF TEXAS

## GEORGE RILEY WILLIAMS, JR.

## V.

## STATE OF TEXAS

## PETITIONER GEORGE RILEY WILLIAMS, JR.'S
## PETITION FOR DISCRETIONARY REVIEW

GEORGE RILEY WILLIAMS, JR., Petitioner, respectfully urges this Court

to grant discretionary review of the above named cause, pursuant to the rules of the

Court and would show the Court the following:

## GROUND FOR REVIEW NUMBER ONE
(Restated)
## WHETHER WAIVER OF RIGHT TO APPEAL, EXECUTED
## AT THE PUNISHMENT STAGE OF TRIAL AS PART OF A
## PLEA BARGAIN AGREEMENT, WAIVES APPEAL OF
## LATER MATTERS RAISED AND RULED ON AT THE
## MOTION FOR NEW TRIAL STAGE

The legal issue presented is whether Appellant's waiver of appeal (but not

the filing of a Motion for New Trial) at the punishment stage waives appeals of

matters later raised and ruled upon in the Motion for New Trial stage. This is a

case of first impression for this Court and the next logical legal issue to be

addressed following *Lundgren v. State*.[14]

---

[14] *Lundgren v. State*, 434 S.W.3d 594 (Tex.Crim.App. 2014).

1

## *Lundgren v. State* and *Ex parte Reedy*

The Court of Criminal Appeals recently decided *Lundgren v. State*[15] involving issues related to those in this case. In *Lundgren*, the defendant pled to DWI-First on January 7, 2011. The plea included 365 days confinement suspended for 18 months of community supervision. As part of the plea agreement, defendant waived appeal.

On January 14, 2011, the defendant was again arrested for DWI. The defendant then filed a Motion for New Trial in the original case on January 28, 2011. The State, after these filings, sought to revoke the defendant's community supervision. The Motion for New Trial was overruled by operation of law on March 23, 2011.

The defendant then made filings in the revocation proceedings asserting the Judgment of the trial court suspending jail and placing him on community supervision became enforceable only *after* the overruling of his Motion for New Trial by operation of law, a time after which the second DWI arrest occurred. The trial court disagreed, concluding, as here, the defendant failed to secure permission to appeal and deciding the community supervision was effective January 7, 2011, the date the original Judgment was signed.

---

[15] *Id.*

The defendant's community supervision was thereafter revoked and he was sentenced to jail. He appealed the revocation based on the legal contention community supervision has not begun until after the Motion for New Trial had been overruled. The Court of Appeals affirmed the trial court. The Court of Criminal Appeals, however, granted discretionary review and reversed the decision of the Court of Appeals and remanded to the Court of Appeals.

The Court of Criminal Appeals concluded the defendant's waiver of appeal did not affect his ability to file a Motion for New Trial:

> In sum, although the word 'appeal' could be used colloquially to refer to a motion for new trial or a notice of appeal in the sense that both procedural mechanisms serve a review function, **we hold that motions for new trial and appeals are sufficiently different that an appellate waiver will not waive a defendant's right to file a motion for new trial.**[16]

Significantly, Presiding Judge Keller filed a written concurrence which included the following, directly related to the legal issue presented:

> The State could also have avoided its current predicament if the plea agreement had included a waiver of the right to file a motion for new trial. We have held that a defendant can, in at least some circumstances, waive the right to appeal as part of an agreement with the State, though the waiver of post-conviction remedies may be ineffective in the face of a claim that could not have been anticipated at the time the waiver occurred.[17]

---

[16] *Id.* at 600 (emphasis added).

[17] *Id.* at 601 *citing **Ex parte Broadway**,* 301 S.W.3d 694 (Tex.Crim.App. 2009) and ***Ex parte Reedy**,* 282 S.W.3d 492 (Tex.Crim.App. 2009).

3

Presiding Judge Keller then added the following language directly applicable to this appeal:

> Logically, the same should be true of the right to file a motion for new trial. In the absence of an allegation, in the motion for new trial, of an unforeseeable claim, the waiver would render the motion ineffective with respect to delaying the finality of the judgment.[18]

*Ex parte Reedy*[19] involved a post-conviction writ under 11.07 of the Texas Code of Criminal Procedure. The defendant in *Ex parte Reedy* originally pled guilty to Capital Murder in exchange for a life sentence. The plea agreement included language waiving the filing of post-conviction writs under either 11.07 or 11.071 of the Texas Code of Criminal Procedure.

The applicant in that case filed a post-conviction writ notwithstanding the waiver. Among other claims in the writ were allegations of ineffective assistance of counsel. The Court of Criminal Appeals held applicant did not waive the filing of the writ:

> Other claims, however, may be predicated upon facts that did not exist or were not within the applicant's knowledge or comprehension, despite due diligence and the assistance of counsel, at the time he agreed to waive the right to pursue an application for writ of habeas corpus. Claims such as actual innocence based on newly available evidence, the suppression of material, exculpatory evidence by the State, and ineffective assistance of counsel will often (although not always) meet this description. Often an

---

[18] *Id.*

[19] *Ex parte Reedy*, 282 S.W.3d 492 (Tex.Crim.App. 2009).

4

applicant cannot be expected to have known about the existence of the facts that support such claims at the time of his waiver.[20]

*    *    *

An applicant *cannot* be said to have voluntarily, knowingly, and intelligently waived any habeas corpus claim, however, that is predicated upon facts not within his knowledge at the time of the waiver, despite his due diligence and the effective assistance of trial counsel.[21]

### This Court Should Grant Petition for Discretionary Review to Determine Whether the Reasoning of *Lundgren v. State* and *Ex parte Reedy* Should be Applied to the Motion for New Trial Stage

In this case, Petitioner waived appeal in connection with his agreement at the punishment stage to a plea of "true" to the enhancement paragraph and 30 years incarceration in TDCJ-ID. Petitioner *did not* waive the filing of a Motion for New Trial as part of the plea agreement.

Petitioner argued at the hearing on the Motion for New Trial he was entitled to appeal issues raised at the Motion for New Trial stage, requesting the Trial Court's Certification of Right to Appeal be modified by the Trial Court to reflect his right to appeal matters raised and ruled upon at the Motion for New Trial stage. The Trial Court overruled this request for modification.[22]

---

[20] *Id.* at 498.

[21] *Id.* at 504 (emphasis in the original).

[22] 6 RR 72.

5

*Lundgren* holds a Motion for New Trial cannot be waived absent a specific waiver of the Motion. *Ex parte Reedy* holds a post-conviction writ cannot be waived if a claim is such it could not have been anticipated at the time the wavier was signed. Petitioner's Motion for New Trial[23] raised several issues from which appeal is taken, including the constitutionality of the deadlines for filing Motions for New Trial under Texas law as applied to Petitioner.[24]

Additionally, the Motion for New Trial and the hearing on same raised state and federal ineffective assistance of counsel claims not subject to waiver under authority of *Ex parte Reedy* had those claims had been brought collaterally under Article 11.07 of the Texas Code of Criminal Procedure.[25] For example, at the hearing on the Motion for New Trial, trial counsel conceded he had not informed Petitioner of his right to file a Motion for New Trial despite the waiver of appeal.[26]

This case presents an opportunity to address the legal questions raised by *Ex parte Reedy* and *Lundgren v. State*: Whether a waiver of appeal is effective as to later filed but not waived matters raised and ruled upon at the Motion for New

---

[23] CR 50-118.

[24] CR 50, 54; *See generally*, **Trevino v. Thaler**, 133 S.Ct. 1191 (2013) ("[T]he Texas procedural system—as a matter of its structure, design, and operation—does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal.)

[25] CR 54-58.

[26] 6 RR 52.

6

Trial stage. In the Motion for Rehearing below, Petitioner raised statutory state and federal constitutional grounds related to the denial of the right to appeal matters related to this stage to trial court proceedings notwithstanding a previously signed waiver of appeal.

## PRAYER FOR RELIEF

Petitioner requests this Court grant review on the single ground urged in this Petition. After granting discretionary review, briefing, and oral argument, Petitioner requests this Court reverse the Court of Appeals decision dismissing the appeal and remand for briefing on the merits.

RESPECTFULLY SUBMITTED,

*LAW OFFICE OF LANE D. THIBODEAUX*
*P.O. Box 523*
*308 North Washington*
*Bryan, TX 77806*
*Telephone: (979)775-5700*
*Facsimile: (979)822-1979*
*Email: lanet1@msn.com*

BY: _____/s/_____
*LANE D. THIBODEAUX*
*State Bar No. 19834000*
**Attorney for Petitioner**

7

## CERTIFCIATE OF COMPLIANCE WITH TEX.R.APP.P. 9.4

This Petition for Discretionary Review complies with TEX.R.APP.P. 9.4(i)(2)(D) in that it contains 1,336 words, in Microsoft Word 2010, Times New Roman, 14 point.

_____/s/_____
LANE D. THIBODEAUX

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above has been delivered *via* electronic filing on this the 13th day of May, 2015 to the following:

JESSICA ESCUE
Brazos County District Attorney's Office
Brazos County Courthouse
300 East 26th Street, Suite 310
Bryan, Texas 77803
Email: jescue@brazoscountytx.gov

State Prosecuting Attorney
information@spa.texas.gov

_____/s/_____
LANE D. THIBODEAUX

8

*George Riley Williams, Jr. v. State of Texas*

**Appendix A**
**Petition for Discretionary Review**

Opinion from Tenth Court of Appeals



# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00028-CR

GEORGE RILEY WILLIAMS, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 272nd District Court
Brazos County, Texas
Trial Court No. 14-00978-CRF-272

## MEMORANDUM OPINION

George Riley Williams, Jr. attempts to appeal from his conviction entered in the 272nd District Court in Brazos County on November 13, 2014. The certificate of right to appeal indicates that Williams waived his right to appeal. TEX. R. APP. P. 25.2(d) Accordingly, the appeal is dismissed.[1]

---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. *See* TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed in the Court of Criminal Appeals

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed
Opinion delivered and filed March 19, 2015
Do not publish
[CRPM]



within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. *See* TEX. R. APP. P. 68.2 (a).

Williams v. State                                                                                    Page 2

*George Riley Williams, Jr. v. State of Texas*

**Appendix B**
**Petition for Discretionary Review**

Motion for Rehearing DENIED by
Tenth Court of Appeals

FILE COPY



# TENTH COURT OF APPEALS

**Chief Justice**
*Tom Gray*

**Justices**
*Rex D. Davis*
*Al Scoggins*

McLennan County Courthouse
501 Washington Avenue, Rm. 415
Waco, Texas 76701-1373
Phone: (254) 757-5200     Fax: (254) 757-2822

**Clerk**
*Sharri Roessler*

April 22, 2015

Jarvis J. Parsons
Brazos County District Attorney
300 E. 26th Street, Suite 310
Bryan, TX 77803
* DELIVERED VIA E-MAIL *

Lane D. Thibodeaux
Law Office Of Lane D. Thibodeaux
P.O. Box 523
308 N. Washington
Bryan, TX 77806
* DELIVERED VIA E-MAIL *

RE:    Court of Appeals Number:  10-15-00028-CR
        Trial Court Case Number:  14-00978-CRF-272

STYLE:  George Riley Williams, Jr.
        v.
        The State of Texas

Appellant's motion for rehearing was denied by the Court today.

Sincerely,

SHARRI ROESSLER, CLERK

By: Nell Hegefeld
Nell Hegefeld, Deputy Clerk